Martin, J.
delivered the opinion of the court. This case differs from that of Phillips vs. Johnson & al. determined during the last term ante, 226, in this particular only: 1 * ' payment was made on the 22d of May, 1816, * J * 7 7 that is to say, pending the appeal in the district court; while in the former case, there was . . . evidence of it after the i imminent in the “ ~ COUl't.
The present plaintiff having neglected to resort to such an appeal to this court; as would ⅝ have suspended the execution of the judgment *238 of the district coart, the risht of James Rogers # ° ° to retain the payment made to him by the present defendant, became absolute. If the latter had contended that he had paid to Rogers what he had no right to demand or receive, and claimed restitution, Rogers would have repelled his claim by the production of the judgment of the district court, the execution of which was not suspended, authorising him to compel by legal means the payment of that very money, which it could have been before successfully contended he had no right to de" mand.
Baldwin for the plaintiff, Johnson for the defendant.
If, before the judgment of the district court, he had no right to the money, his receipt thereof made him a debtor to the present defendant. But the subsequent judgment rendering him a creditor, the debt was extinguished by confusion; and he became the absolute owner of the money, as if it had been paid to him after the judgment.
It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.